IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DERRICK SMITH, #A01044694, | ) | CIVIL NO. 06-00618 SOM-KSC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION AND |
| | ) | DENYING IN FORMA PAUPERIS |
| vs. | ) | APPLICATION AND MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| STATE OF HAWAII, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER DISMISSING PETITION AND DENYING IN FORMA PAUPERIS
APPLICATION AND MOTION FOR APPOINTMENT OF COUNSEL**

*Pro se* Petitioner Derrick Smith, a Hawaii prisoner
incarcerated at Diamondback Correctional Facility
("Diamondback"), located in Watonga, Oklahoma, has filed a
petition for a writ of habeas corpus under 28 U.S.C. § 2254,
naming the State of Hawaii and the Hawaii Attorney General as
Respondents.  Smith also filed an *in forma pauperis* application
and a motion for appointment of counsel.  For the following
reasons, the court dismisses the Petition with leave granted to
amend and denies the *in forma pauperis* application and motion for
appointment of counsel.

I.   Smith Has Named an Improper Respondent.

A petitioner seeking a writ of habeas corpus under § 2254
must name the state officer having custody of him or her as the
respondent to the petition.  *See Stanley v. California Supreme
Court*, 21 F.3d 359, 360 (9th Cir. 1994); Rule 2(a) 28 U.S.C.
foll. § 2254.  The correct respondent will normally be the warden

of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions.  *See id.* (citing *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)).  A petitioner's failure to name the custodian of his place of confinement as respondent deprives courts of personal jurisdiction.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).  The State of Hawaii is not the warden at Diamondback, where Smith is currently incarcerated, and is not a proper respondent to the Petition.  The court requires strict compliance with these rules, and the Petition must be dismissed, with leave to amend, on this basis.

II.  The In Forma Pauperis Application is Denied.

Smith's *in forma pauperis* application shows that he has a current balance of $184.55 in his prison trust account, including $8.97 in his spendable account and $175.58 in his restricted account.[1]  The filing fee for a petition for writ of habeas corpus is $5.00.  *See* 28 U.S.C. § 1914(a).  Smith is able to pay the statutory filing fee for this action and is not a pauper within

---

[1]Hawaii prisoners have access to their restricted accounts to pay for "legal obligations," which include court filing fees and copying costs.  *See* State of Hawaii, Dep't of Public Safety, Policies & Procedures Manual, Policy No. 493.02.12 (4.5)(b)(2)(b) at 5-6 (Feb. 2, 1993).

the meaning of 28 U.S.C. § 1915.  Accordingly, the application is DENIED.

Parties filing actions in the United States District Court are required to pay filing fees.  *See* 28 U.S.C. § 1914(a).  An action may proceed without the payment of filing fees only upon the grant of *in forma pauperis* status.  *See* 28 U.S.C. § 1915. Smith is directed to pay the filing fee when he files his amended petition naming a proper respondent or risk dismissal of this action for failure to prosecute.

III.  The Motion For Appointment of Counsel is Denied.

The Sixth Amendment right to counsel does not apply in state or federal prisoners' habeas corpus or § 2255 proceedings.  *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990).  The district court must appoint counsel, however, if an evidentiary hearing is to be held in a § 2254 or 2255 proceeding.  *See* Rule 8(c), 28 U.S.C. foll. § 2254; *Troiani v. Poole*, 858 F. Supp. 1051, 1055 (S.D. Cal. 1994). An evidentiary hearing is only mandated under certain circumstances specified in 28 U.S.C. § 2254(e)(2).[2]

---

[2] Under 28 U.S.C. § 2254(e)(2):

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the
(continued...)

When an evidentiary hearing is not necessary, the decision to appoint counsel is entirely discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also* Rule 8(a), 28 U.S.C. foll. § 2254. The district court is also authorized to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the prisoner's ability to articulate his or her claims in light of the complexity of the legal issues and the likelihood of success on the merits of the petition or motion. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court has dismissed Smith's Petition with leave to amend to name a proper respondent. Smith has also been notified that his Petition will not proceed until he pays the $5.00 filing fee. As such, the Petition has not yet been served and Respondents

---

[2](...continued)
applicant shows that–
    (A) the claim relies on–
        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

have not yet answered the Petition.  At this point, the court
cannot determine whether an evidentiary hearing is required in
this action, mandating the appointment of counsel under
§ 2254(e).

The interests of justice are not served at this time by the
appointment of counsel.  Smith's Motion for Appointment of
Counsel is DENIED without prejudice.  Smith may renew his Motion
at a later date.

## CONCLUSION

It is HEREBY ORDERED that:

1.  Smith's petition for writ of habeas corpus brought
pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for
failure to name a proper respondent, with leave granted to amend.
Smith is GRANTED THIRTY DAYS, until **December 27, 2006**, to file an
amended petition naming a proper respondent.  Pursuant to Local
Rule 10.3, the amended petition must "reproduce the entire
pleading as amended and may not incorporate any part of a prior
pleading by reference, except with leave of court."  The amended
petition must be labeled "Amended Petition" and must bear the
docket number assigned this case.  Failure to file an Amended
Petition within THIRTY (30) days, or by **December 27, 2006** will
result in the AUTOMATIC DISMISSAL of this action without
prejudice.

2.    Smith is ORDERED to submit the $5.00 filing fee for instituting this action.  Failure to do so may also result in dismissal of this action.  *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to dismiss without prejudice prisoner complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal of *pro se* litigant for failure to pay required filing fees).

3.  The Clerk is DIRECTED to send Smith a copy of the court's habeas corpus form so that he may properly amend his Petition.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; November 27, 2006.

_Susan Oki Mollway_
Susan Oki Mollway
United States District Judge

SMITH v. HAWAII; CIV. NO. 06-00618 SOM-KSC; ORDER DISMISSING PETITION AND DENYING IN FORMA PAUPERIS APPLICATION AND MOTION FOR APPOINTMENT OF COUNSEL; dmp/Habeas 06/Smith 06-618 (imp. resp., dny IFP & apptcoun)